IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Criminal No. 19-134<br>) |
| JERMAINE KYLE CLARK, | )<br>) |
| Defendant | )<br>) |

**MEMORANDUM OPINION**

Now pending before the court is a pro se motion for compassionate release filed by defendant Jermaine Clark ("Clark") (ECF No. 235). At the time Clark filed the motion, he was detained at the Northeast Ohio Correctional Center ("NEOCC"). On December 23, 2021, Clark notified the court that he was transferred from NEOCC to the custody of the Bureau of Prisons ("BOP") at FCI Schuylkill (ECF No. 237). On January 14, 2022, the United States filed a response in opposition to Clark's motion (ECF No. 238) and the motion is ripe for disposition.

On May 6, 2021, Clark pleaded guilty to counts 1 and 2 of the indictment at Crim. No. 19-134, which charged him with: at count 1, conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine from February 24-25, 2019, in violation of 21 U.S.C. § 846; and at count 2, possession with intent to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine on February 25, 2019, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) and (viii). On September 28, 2021, the court accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced Clark to the statutory mandatory minimum of 120 months in prison at each count, to concurrently run.

1

In his motion, Clark asks to be excused from exhausting his administrative remedies because, due to his detention at NEOCC, he did not have access to the BOP administrative remedies process. In addition, Clark contended that NEOCC was "overwhelmed with Covid" and did not follow proper cleaning/disinfection protocols for minimizing the spread of the Covid-19 virus (ECF No. 235).

The government contends that Clark's motion for compassionate release should be denied without prejudice. The government points out that Clark is now in BOP custody and therefore has access to the BOP administrative remedies process. The government also contends that the conditions of Clark's confinement have changed, i.e., the status of the Covid-19 pandemic at NEOCC is no longer relevant because Clark is located at FCI Schuylkill. The government suggests that Clark be permitted to file a new motion for compassionate release after he exhausts his administrative remedies within the BOP.

Clark bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. *United States v. Smith*, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing *United States v. Adeyemi*, No. CR 06-124, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020)). To satisfy this burden, a movant must produce <u>evidence</u> to the court. *See e.g., United States v. Matthews*, Crim. Action No. 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020); *United States v. Brunetti*, Crim. Action No. 2020 WL 4516541, at *6 (E.D. Pa. July 31, 2020); *United States v. Richardson*, Crim. No. 18-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020).

Clark did not produce any evidence to support his request for compassionate release. He asserts in his motion that he suffers from two medical conditions, G6PD and psoriasis, but he did

not attach any supporting medical records. The court observes that neither of these medical conditions was identified in the presentence investigation report (ECF No. 179), which was filed on July 27, 2021. The court takes judicial notice that neither of these medical conditions is identified by the Centers for Disease Control as conditions that make it more likely for a person to get severely ill from Covid-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last visited February 16, 2022. Clark did not produce evidence of an extraordinary and compelling reason for compassionate release.

In *United States v. Anger*, No. CR 08-411, 2021 WL 2115185, at *2 (W.D. Pa. May 25, 2021), the court addressed a similar situation in which a defendant filed a motion for compassionate release while in temporary custody, but subsequently transferred into BOP custody. The court concluded that the transfer to BOP custody did not moot the defendant's motion, but denied the motion for lack of evidence. The court also directed: "Before Anger seeks additional relief from the court in the future, however, he must first exhaust his BOP administrative remedies." *Id.*

The same outcome is appropriate in this case. Clark's motion for compassionate release (ECF No. 235) based on his asserted medical conditions and the status of the Covid-19 pandemic at NEOCC will be denied for lack of evidence. The denial is without prejudice to Clark's ability to file a new motion for compassionate release after he exhausts the BOP's administrative remedies.

An appropriate order follows.

Date:   February 16, 2022                                BY THE COURT:

                                                     /s/ *Joy Flowers Conti*
                                                  Joy Flowers Conti
                                                  Senior United States District Judge